NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LORAINE LATTERI, *on behalf of herself and those similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>JOHN MAYER,<br><br>Defendant. | Civil Action No.: 17-13707 (JLL)<br><br>**OPINION** |

**LINARES**, Chief District Judge.

This matter comes before the Court by way of Defendant John Mayer's Motion to Dismiss Plaintiff Loraine Latteri's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 4). Plaintiff has opposed this motion (ECF No. 10), to which Defendant has replied. (ECF No. 11). The Court has considered the parties' submissions and decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court denies Defendant's Motion to Dismiss.

## I. BACKGROUND[1]

Plaintiff is a New Jersey citizen who resides in Essex County, New Jersey. (Compl. ¶ 5). Defendant is an attorney licensed to practice in New Jersey and performs debt collection services for his clients. (Compl. ¶¶ 6, 9-10). Plaintiff brings this action, on behalf of herself and those similarly situated, against Defendant pursuant to the Fair Debt Collection Practices Act ("FDCPA") alleging that Defendant attempted to collect a debt on behalf of a creditor that is not

---

[1] This background is derived from Plaintiff's Complaint (ECF No. 1 ("Compl.")), which the Court must accept as true at this stage of the proceedings. *See Alston v. Countrywide Fin. Corp.*, 585 F.3d 753, 758 (3d Cir. 2009).

registered with the State of New Jersey. (*See generally* Compl.).

Specifically, Plaintiff alleges that Defendant was attempting to collect a debt that Plaintiff incurred or owed to non-party "Household Auto Finance Corporation." (Compl. ¶ 12). This debt was one that "arose from one or more transactions which were primarily for the respective Plaintiff's personal, family, [and/]or household purposes." (Compl. ¶ 13). At some point, Plaintiff defaulted on the debt obligation, and her account was assigned to Defendant for collection purposes. (Compl. ¶¶ 15, 17-18).

On December 27, 2016, Defendant sent Plaintiff a letter attempting to collect the debt. (Compl. ¶ 19). Said letter identified non-party "Reliable Collection Inc." as the entity to whom the debt was owed. (Compl. ¶ 21). Non-party Reliable is not registered "as a consumer lender or sales finance company" with the New Jersey Department of Banking and Insurance as required under the New Jersey Consumer Finance Licensing Act, N.J.S.A. 17:11C-1, *et seq.* ("NJCFLA"). Hence, Plaintiff brought this action asserting a single claim for violation of the FDCPA on the grounds that Defendant was impermissibly attempting to collect a debt on behalf of an unlicensed entity, in violation of the NJCFLA. (Compl. ¶¶ 22-27, 40-48).

## II.    LEGAL STANDARD

To withstand a Motion to Dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

To determine the sufficiency of a complaint under *Twombly* and *Iqbal* in the Third Circuit, the Court must take three steps: first, the Court must take note of the elements a plaintiff must plead to state a claim; second, the Court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (citations omitted). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

### III. ANALYSIS

The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). When Congress passed the legislation in 1977, it found that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and invasions of individual privacy." *Id.* § 1692(a). "As remedial legislation, the FDCPA must be broadly construed in order to give full effect to these purposes." *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 148 (3d Cir. 2013). Accordingly, the Court must "analyze the communication giving rise to the FDCPA claim 'from the perspective of the least sophisticated debtor.'" *Kaymark v. Bank of Am., N.A.*, 783 F.3d 168, 174 (3d Cir. 2015) (quoting *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008)). "[W]hile the least sophisticated debtor standard protects naive consumers, 'it

also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care.'" *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 454 (3d Cir. 2006) (quoting *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000)). The Third Circuit has held that even the least sophisticated consumer is "bound to read collection notices in their entirety." *Compuzano-Burgos v. Midland Credit Mgmt., Inc.*, 550 F.3d 294, 298-99 (3d Cir. 2008).

"To prevail on an FDCPA claim, a plaintiff must prove that (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the [FDCPA] defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014) (citation omitted). Here, neither party disputes that Plaintiff has sufficiently alleged the first three of the above four elements. (Compl. ¶¶ 12-14, 16-27). Rather, Defendant's Motion to Dismiss focuses on the last prong; *i.e.*, whether his conduct violated the FDCPA. (ECF No. 4-1 ("Def. Mov. Br.")).

According to Defendant, he cannot be liable for violation of the FDCPA because he was merely attempting to collect on "a judgment entered by a court [and] therefore there [was] no misrepresentation of the character, amount or legal status of the debt" to sustain a claim under the FDCPA. (Def. Mov. Br. at 11). Plaintiff asserts that Defendant can be held liable because Defendant violated the FDCPA when it attempted to collect a debt on behalf of non-party "Reliable [who] lacked the New Jersey licensing authority to purchase, enforce or collect debts." (ECF No. 10 ("Pl. Opp. Br.") at 17). The Court agrees with Plaintiff.

As noted above, the NJCFLA provides that "[n]o person shall engage in business as a consumer lender or sale finance company without first obtaining a license or licenses under this

act." N.J.S.A. 17:11C-3(a). "Any person directly or indirectly engaging in the business of soliciting or taking applications for such loans of $50,000 or less, or in the business of ... buying, discounting or endorsing notes, or of furnishing, or procuring guarantee or security for compensation in amounts of $50,000 or less, *shall be deemed to be engaging in the consumer loan business.*" N.J.S.A. 17:11C-2 (emphasis added). The NJCFLA has been previously interpreted by courts in this District in connection with FDCPA lawsuits. *See Lopez v. Law Offices of Faloni & Assocs., LLC*, 2016 U.S. Dist. LEXIS 124730 (D.N.J. Sept. 14, 2016); *Veras v. LVNV Funding, LLC*, 2014 U.S. Dist. LEXIS 34176 (D.N.J. Mar. 17, 2014).

In *Veras*, the court found that the plaintiff's FDCPA claim was viable since the defendant attempted to collect a debt despite not being licensed consistent with the NJCFLA. *Veras*, 2014 U.S. Dist. LEXIS 34176 at *3. Specifically, and similar to this matter, the plaintiff in *Veras* received a communication from a debt collector in an attempt to collect a debt on behalf of the defendant therein. *Id.* at *13. The defendant moved to dismiss the plaintiff's complaint, but the court denied the motion finding that the defendant's failure to comply with the NJCFLA was sufficient to give right to FDCPA liability. *Id.* at *14-18 (finding an attempt to collect a debt on behalf of an entity "who was not licensed as a consumer lender under the NJCFLA, constitutes prohibited conduct under the NJCFLA[,]" such that it can be considered violative of § 1692(e)(10) of the FDCPA).

Similarly, in *Lopez* the court found that "a debt collector's representation in a collection complaint that it had the right to collect a debt when, in fact, it lacked the license to initially purchase the debt, would violate, at minimum, FDCPA section e(10)." *Lopez*, 2016 U.S. Dist. LEXIS 124730 at *13. In reaching this conclusion, the court noted that the FDCPA was designed to have a "broad remedial purpose," and that the defendant's argument (*i.e.*, that it could be held

liable under the FDCPA for simply attempting to collect a debt without being licensed under the NJCFLA) would frustrate said purpose. *Id.*

In light of the foregoing, the Court finds that Plaintiff has stated a *prima facie* cause of action for violation of the FDCPA. As discussed above, Plaintiff's allegations satisfy the first three elements that must be alleged to bring an FDCPA claim. Moreover, Plaintiff has alleged that Defendant violated the FDCPA when it attempted to collect a debt on behalf of an unlicensed consumer lender, thereby satisfying the fourth and last requisite element. Accordingly, it is apparent that Plaintiff has stated a viable claim under the FDCPA and her Complaint should not be dismissed at this juncture.

The Court also rejects Defendant's argument that this action is time barred. (Def. Mov. Br. at 12). A party bringing a claim under the FDCPA must do so within one year of the alleged violation. *See* 15 U.S.C. § 1692k(d). According to Defendant, since the judgment against Plaintiff was entered in 2008, the statute of limitations ran in 2009. (Def. Mov. Br. at 12). However, this argument is unpersuasive, since Plaintiff does not complain about the entry of the judgment but rather Defendant's collection attempts. As Plaintiff correctly argues, if this Court were to accept Defendant's argument, then no plaintiff would be able to assert an FDCPA claim more than one year after a judgment is entered against him, regardless of when a debt collector attempts to collect on said judgment. The FDCPA's language is clear that an action may be instituted "within one year from the date *on which the violation occur[red].*" 15 U.S.C. § 1692k(d) (emphasis added). Here, the alleged violation occurred on December 27, 2016. (Compl. ¶ 19). Plaintiff instituted this action on December 27, 2017, which was the last possible date to bring such action. (*See generally* Compl.). Accordingly, Plaintiff's Complaint is timely.

Finally, for similar reasons, the Court also rejects Defendant's *Rooker-Feldman* argument.

6

According to Defendant, Plaintiff cannot bring this action because "what she is really complaining about is [losing] in the State courts and seeks to bar enforcement of the State court's judgment." (Def. Mov. Br. at 16). However, as noted above, Plaintiff's Complaint is not attacking the State Court judgment, but rather she is complaining about *Defendant's conduct in relation to the collection of said judgment.* (*See generally* Compl.).

Under the *Rooker-Feldman* doctrine, federal district courts are barred from hearing cases "that are essentially appeals from state-court judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). Put another way, a suit is barred under the *Rooker-Feldman* doctrine where "a favorable decision in federal court would require negating or reversing the state-court decision." *Id.* at 170 n.4 (citations omitted). The Third Circuit has explicitly held that federal courts are barred by the *Rooker-Feldman* doctrine from providing relief that would overturn a state court decision. *See, e.g., Gage v. Wells Fargo Bank, NA AS*, 521 F. App'x 49, 51 (3d Cir. 2013); *Manu v. Nat'l City Bank of Ind.*, 471 F. App'x 101, 105 (3d Cir. 2012); *Moncrief v. Chase Manhattan Mortg. Corp.*, 275 F. App'x 149, 152 (3d Cir. 2008); *Ayres-Fountain v. E. Sav. Bank*, 153 F. App'x 91, 92 (3d Cir. 2005).

In order for the *Rooker-Feldman* doctrine to apply, four requirements must be met: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining*, 615 F.3d at 166 (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). "The second and fourth requirements are the key to determining whether a federal suit presents an independent, non-barred claim" and are "closely related." *Id.* at 166, 168.

A brief review of Plaintiff's Complaint shows that the *Rooker-Feldman* doctrine has no

7

application to this case. Indeed, a decision favorable to Plaintiff would not negate the fact that there is an outstanding judgment against her. Rather, any such decision, if obtained, would merely require Defendant herein to pay Plaintiff damages for his allegedly violative conduct. Moreover, Plaintiff does not complain of any injury stemming from the State Court judgment. Finally, and most importantly, Plaintiff is not asking this Court to review and/or negate the State Court judgment. Instead, as discussed in detail, Plaintiff merely seeks sanctions against Defendant for violating the FDCPA in connection with his attempts to collect on the State Court judgment on behalf of an unlicensed entity in contravention of the NJCFLA. Accordingly, the Court finds that the *Rooker-Feldman* doctrine does not prohibit this action from proceeding.

## IV. CONCLUSION

For the reasons above, the Court denies Defendant's Motion to Dismiss and Compel Arbitration. An appropriate Order accompanies this Opinion.

DATED: May 22nd, 2018

JOSE L. LINARES
Chief Judge, United States District Court