## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LORAINE LATTERI, *on behalf of herself and those similarly situated,*<br><br>Plaintiff,<br><br>vs.<br><br>JAMES MAYER and JOHN DOES 1 to 10,<br><br>Defendants. | Civil Action No. 2:17-cv-13707-JAD<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT** |

**THIS MATTER** having come before the Honorable Joseph A. Dickson, U.S.M.J., at a Fairness Hearing to determine whether the proposed Settlement Agreement between the parties is fair, reasonable and adequate, to consider Class Counsel's application for an award of attorneys' fees and costs, and to consider the service award to the Plaintiff; and the Plaintiff and Settlement Class members being represented by Class Counsel and Defendant being represented by his attorneys;

**AND THE COURT,** having read and considered the parties' Settlement Agreement and all the papers appurtenant thereto submitted by the parties and filed by Class Counsel, having reviewed and considered Plaintiff's brief and the declarations submitted in support of the application, the oral arguments of counsel

presented to the Court, if any, and all papers filed and proceedings had herein, and for good cause appearing, the Court finds the following:

1. On September 17, 2019, the Court preliminarily approved the class settlement in this action where Plaintiff alleged violations of the Fair Debt Collection Practices Act, 15 *U.S.C.* §1692 *et seq*. The Court certified the Settlement Class for settlement purposes, appointed a Settlement Administrator, approved Plaintiff as Settlement Class Representative, and appointed Yongmoon Kim of the Kim Law Firm LLC as Settlement Class Counsel.

2. The Settlement Class certified by the Court was defined as:

> All natural persons with an address within the State of New Jersey, to whom James Mayer sent one or more collection letters from December 27, 2016, to August 8, 2018, in an attempt to collect a consumer debt on behalf of Reliable Collection Inc.

3. In compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, Defendant served notices of the proposed settlement on the appropriate Federal and State officials.

4. The Settlement Class database provided by Defendant to the Settlement Administrator ultimately included 56 persons who meet the definition of the Class, and Notice was mailed to those 56 members of the Settlement Class.

5. The Settlement Administrator has reported to the Court that: the mailing was generally successful; that no Settlement Class member has raised an

objection to the settlement; and that no Settlement Class member requested to be excluded from the Settlement Class.

6. The Court has not received any objections to the settlement.

7. Plaintiff now requests final approval of the settlement.

8. The Court has considered the Settlement Agreement, the Brief and Declarations submitted in support of it, the accompanying documents, and the record.

**NOW, THEREFORE IT IS HEREBY ORDERED THAT:**

9. The Court has jurisdiction over the subject matter of this matter and over all parties hereto.

10. The application for Final Approval of the proposed settlement is GRANTED and the parties are hereby ordered to consummate the settlement according to the terms of the Settlement Agreement, and as set forth in this Order.

11. The Court finds that the settlement, on the terms and conditions set forth in the Settlement Agreement, filed as Exhibit A to the Kim Declaration, is fundamentally fair, reasonable, and adequate, and is in the best interest of the Settlement Class members, especially in light of the benefits achieved on behalf of them; the risk and delay inherent in litigation; and the limited amount of any potential recovery that could be shared by the Settlement Class members.

12. As set forth in paragraph 8(b) of the Settlement Agreement, Defendant shall fund the bank account to be established by the Settlement

Administrator in the amount of $4,450 within seven (7) days from the date this Order is entered.

13. Within twenty-one (21) days of the date of this Order, the Settlement Administrator shall mail each Settlement Class member their check according to the formula and process set forth paragraph 8 of the Settlement Agreement.

14. As set forth in paragraph 8(e) of the Settlement Agreement, funds from uncashed checks shall be paid as a *cy pres* award to Northeast New Jersey Legal Services, Inc.

15. For efforts on behalf of the Class and to settle individual claims, Defendant shall pay $2,000 to Plaintiff Loraine Latteri in the manner set forth in paragraph 9 of the Settlement Agreement within seven (7) days of the date of this Order.

16. Upon entry of this Order and final approval of the settlement, Plaintiff and each member of the Settlement Class who has not been excluded will release Defendant as follows:

> "As a result of the settlement that has been approved in this matter, when this judgment becomes effective upon the final approval date, Plaintiff and each Settlement Class Member, for themselves, their heirs, successors and assigns shall have jointly and severally remised, released, acquitted and forever discharged the Released Parties from the Released Claims.
>
> 'Released Claims' shall mean any and all actions, causes of action, suits, claims, defenses, covenants, controversies, agreements, promises, damages,

judgments, demands, liabilities, and obligations in law or in equity, relating solely to claims of statutory damages under the federal Fair Debt Collection Practices Act ("FDCPA"), that Plaintiff and the Settlement Class Members, as defined herein, asserted or could have asserted as a result of, arising out of, or in connection with the collection of a debt on behalf of Reliable Collections Inc. when they were not licensed under New Jersey Consumer Finance Licensing Act ("NJCFLA"), N.J.S.A. 17:11C 1 et seq., from the beginning of time to the date of this Agreement.

It is expressly stated that the Release of Claims do not release any claim or defense Plaintiff and each Settlement Class Member may have with respect to the underlying debts which the Released Parties were attempting to collect, including, but not limited to, (1) whether any debt is in fact owed, (2) the crediting or recoupment of payments on any debt, or (3) the reporting of any debts to credit bureaus.

'Released Parties' shall mean James Mayer; and his past or present employees, successors and assigns.

17. Defendant shall pay Class Counsel's fees and costs in the amount of $36,950, which payment includes costs and expenses (including the expenses of the Settlement Administrator), time already spent and time to be spent attending hearings, and the monitoring of the settlement. This amount does not include any time, if necessary, to enforce any breach of the settlement agreement. The fees are in addition to the settlement benefits each Settlement Class member will be receiving and are the sole property of Class Counsel, not Plaintiff or the class. The Court finds that the requested hourly rates reasonable, and finds this award fair and reasonable. Pursuant to the Settlement Agreement, this payment shall be made

within seven (7) days of the date of this Order in the manner set forth in the Settlement Agreement.

18. Final Judgment is hereby entered in this action, consistent with the terms of the Settlement Agreement.

19. This Action against the Defendant is hereby dismissed with prejudice, but the Court shall retain exclusive and continuing jurisdiction over the action and all parties to interpret and enforce the terms, conditions and obligations of this Settlement Agreement.

**IT IS SO ORDERED.**

Dated: 1/22/20

_____
HONORABLE JOSEPH A. DICKSON
UNITED STATES MAGISTRATE JUDGE